E-FILED
Monday, 12 August, 2019  01:17:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, By and Through Its Board of Trustees, and<br><br>CARPENTERS PENSION FUND OF ILLINOIS, and<br><br>CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, By and Through Its Board of Trustees,<br><br>        Plaintiffs,<br><br>v.<br><br>CUSTOM CURBS, INCORPORATED, d/b/a VAN HUSS CUSTOM CONCRETE,<br><br>        Defendant. | Cause No. 19-3193 |

## COMPLAINT

COME NOW Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND; CARPENTERS PENSION FUND OF ILLINOIS; and CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, by undersigned Counsel, and state as follows for their Complaint against Defendant, CUSTOM CURBS, INCORPORATED, d/b/a VAN HUSS CUSTOM CONCRETE:

### Parties

1.      Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an "employee welfare benefit plan" within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1).  Welfare Fund's Board of Trustees are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29

U.S.C. § 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

      2.     The address and place of administration of Welfare Fund is at Lincoln, Logan County, Illinois.

      3.     Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an "employee pension benefit plan" within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).  Pension Fund is a "defined benefit plan" within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35).  Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

      4.     Plaintiff Carpenters Retirement Savings Fund of Illinois (hereinafter "Retirement Savings Fund") is a "pension plan" within the meaning of  section 3(2)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A).  Retirement Savings Fund is a "defined contribution plan" within the meaning of § 3(34) of ERISA, 29 U.S.C. § 1002(34).  Retirement Savings Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

      5.     The address and place of administration of the Pension Fund and Retirement Savings Fund is at Geneva, Kane County, Illinois.

      6.     Together, Welfare Fund, Pension Fund and Retirement Savings Fund shall be referred to as the "Plaintiff Funds."

7.      Defendant Custom Curbs Incorporated, d/b/a Van Huss Custom Concrete ("Custom Curbs") is an Illinois general business corporation in good standing, maintaining its principal place of business in Springfield, Sangamon County, Illinois.

8.      Custom Curbs is, was and at all relevant times has been, an "employer" in an "industry affecting commerce" within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and is an "employer" in an industry "affecting commerce" within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

9.      This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

10.     This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e), and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

11.     Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## Facts Common To All Counts

12.     At all times relevant to this Complaint, Defendant has been signatory to one or more Collective Bargaining Agreements ("Agreement(s)") with the Chicago Regional Council of Carpenters, Southern Region, (formerly Mid-Central Illinois Regional Council of Carpenters) ("Regional Council").

13.     **Exhibit A**, attached hereto and incorporated herein by reference, is a "*Recognition Agreement and Adoption of All Collective Bargaining Agreements to Which the Mid-Central*

3

*Illinois Regional Council of Carpenters is a Party*" ("Recognition Agreement") signed on behalf

of "Custom Curbs Inc d/b/a Van Huss Custom Concrete" by Christopher Van Huss on or about

March 1, 2012 ("Recognition Agreement").

14.     Pursuant to the Recognition Agreement, **Exhibit A**, Custom Curbs and the

Regional Council, constituting the parties thereto, agree:

> …to be bound by and observe the terms and conditions of all current
> collective bargaining agreements, including any amendments,
> extensions, or changes to such current collective bargaining
> agreements, to which the REGIONAL COUNCIL is a party,
> including, but not limited to, the REGIONAL COUNCIL's May 1,
> 2009 to April 30, 2012 Master Agreement, as extended from May 1,
> 2012 through April 30, 2014, titled "Collective Bargaining
> Agreement between Central Illinois Builders of A.G.C., and Greater
> Peoria Contractors and Suppliers Association Inc., and Mid-Central
> Illinois Regional Council of Carpenters".

15.     Pursuant to the Recognition Agreement, **Exhibit A**, Custom Curbs agreed:

> …to by bound by and observe the terms and conditions of any and
> all successor agreements negotiated by the REGIONAL COUNCIL
> covering all employees performing carpentry work, unless the
> EMPLOYER provides the REGIONAL COUNCIL written notice
> of its intent to amend or terminate the current collective bargaining
> agreement or any successor agreement at least sixty (60) days, but
> nor more than ninety (90) days prior to said agreement's expiration
> date.

16.     Custom Curbs has not sought to amend or terminate the Recognition Agreement,

or any Collective Bargaining Agreement ("CBA") with the Regional Council.

17.     Pursuant to Article XXI of the CBA, attached hereto as **Exhibit B** and incorporated

herein by reference and to which Custom Curbs agreed to be bound, Custom Curbs:

> …agrees that Pension Fund/Health and Welfare Fund/Retirement
> Savings Fund/Substance Abuse Fund contributions under this
> Agreement are to be made payable to the Central Illinois Carpenters
> Health and Welfare Fund/Retirement Savings Fund/Substances
> Abuse Fund and the Independent Employee Benefit Corporation
> Pension.  Contributions will be at the hourly rates approved as

4

directed by the Chicago Regional Council of Carpenters or Local affiliate's Wage Addendums and such contributions are made on behalf of all employees covered by this agreement for all hours worked by such employees.

*See*, CBA, **Exhibit B**, § 21.1.

18.     Pursuant to Article XXI of the CBA, **Exhibit B**, Custom curbs:

...agrees to be bound by the terms and conditions of the Trust Agreements establishing the various above mentioned Funds, as they now exist and as they may hereafter be amended, as if the terms of such Agreements were fully set forth herein.   The Employer understands and acknowledges that the Trustees of those Funds have the right to make reasonable rules relating to the administration of the Funds, including rules pertaining to the payment of fringe benefit contributions as specified in this Agreement, and pertaining to their rights and remedies as against Employers who are delinquent in making payment of such contributions to the Funds.   The Employer agrees to be bound by such rules as currently exist or may from time to time be established or amended.  Copies of such rules can be obtained by the Employer by request from the various Fund(s) Administrator.

*See*, CBA, **Exhibit B**, § 21.1.

19.     Custom Curbs is and/or was and at relevant times to Plaintiff Funds' Complaint has been party to, or otherwise bound to and/or required to comply with the *Collective Bargaining Agreement Between Central Illinois Builders of AGC Greater Peoria Contractors and Suppliers Association Inc and Chicago Regional Council of Carpenters Commonly Known as Chicago Regional Council of Carpenters Southern Region Master Agreement* ("Agreement").  *See*, **Exhibit B**.

20.     Custom Curbs employs and/or employed and at times relevant to Plaintiff Funds' Complaint has employed individuals pursuant to said Agreement, **Exhibit B**, to perform on-site construction work within the territorial jurisdiction of the Regional Council and falling within the craft jurisdiction of the United Brotherhood of Carpenters and Joiners of America ("UBCJA").

21.     As a consequence of employing these individuals, Custom Curbs is and/or was contractually required to report and pay annuity, pension and/or health and welfare contributions, as well as dues, dues check-off and other contractually-required contributions, at the hourly rates and in the amounts negotiated by Regional Council and set forth in the Agreement, **Exhibit B**, and its predecessor agreement(s).

## COUNT I

## DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

## (CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND)

COMES NOW Plaintiff, Central Illinois Carpenters Health and Welfare Trust Fund, by undersigned Counsel, and for Count I of its Complaint against Defendant, Custom Curbs, Incorporated, d/b/a Van Huss Custom Concrete, states as follows:

22.     Welfare Fund restates and reincorporates paragraphs 1 through 21 if its Complaint as if fully set forth herein.

23.     Welfare Fund has been duly authorized to act as an agent in the collection of contributions due to certain collectively-bargained funds, or separate labor-management cooperatives, or labor union(s), and to which Custom Curbs agreed to make contributions on behalf of certain of its employees pursuant to the terms of the CBA.

24.     Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, Custom Curbs is required to make contributions to Welfare Fund in accordance with the terms and conditions of the CBA's and/or the terms of the plans establishing Welfare Fund.

25.     Pursuant to the CBA, Custom Curbs is required to deduct certain amounts from the gross pay of its employee for dues, and to pay other "check-off" amounts to Welfare Fund on

behalf of the union(s) and fund(s) which have duly authorized Welfare Fund to act as collection agent.

26.     Pursuant to Article XXI of the CBA, **Exhibit B**, Custom Curbs agreed to submit report forms and payment of all required contributions to Welfare Fund "…on or before the 15th day of each month for all contributions attributable to the prior calendar month." *See*, CBA, **Exhibit B**, § 21.4.

27.     The CBA, **Exhibit B**, provides, "If payment is not received in the Fund Office on or before the day of the month due, such payment is subject to a late payment charge..." *See*, CBA, **Exhibit B**, § 25.2.

28.     The Welfare Fund's Trustees have adopted policies concerning the imposition of interest and/or Liquidated Damages in the event an employer does not timely report and pay required contributions, to which Custom Curbs has agreed to be bound. *See*, "Delinquency Manual," attached hereto as **Exhibit C** and incorporated herein by reference.

29.     Pursuant to the Delinquency Manual, **Exhibit C**, delinquent contributions are subject to interest as provided therein. *See*, **Exhibit C**, p. 4.

30.     Pursuant to the Delinquency Manual, **Exhibit C**, delinquent contributions are subject to Liquidated Damages as provided therein. *See*, **Exhibit C**, p. 5.

31.     The CBA, **Exhibit A**, provides, "If payment is not received in the Fund Office on or before the day of the month due, such payment is subject to… collection costs." *See*, CBA, **Exhibit A**, § 25.2.

32.     ERISA further provides for an award to Pension Fund and Retirement Savings Fund of delinquent contributions, interest, Liquidated Damages and fees and costs, including attorneys' fees and costs and audit costs.

33.     Custom Curbs employs, or has employed, individuals who are members of, and/or represented by, the Regional Council and its constituent local labor organizations for purposes of collective bargaining.  Those individuals are participants in Welfare Fund.

34.     Custom Curbs has reported and paid contributions to Welfare Fund on behalf of said employees.

35.     Custom Curbs has, however, failed to report and pay contributions to Welfare Fund, and those Funds on behalf of which Welfare Fund is designated collection agent, for the months of December 2018, January 2019, February 2019, March 2019, April 2019, May 2019 and June 2019.

36.     Welfare Fund made demand upon Custom Curbs to submit the outstanding reports and to pay contributions due, **Exhibit D**, but Custom Curbs unreasonably failed and refused to comply.

37.     Welfare Fund is unable to determine the amount of contributions due with certainty, or to properly credit the accounts of Custom Curbs' employees, who stand to lose eligibility, or coverage, as a result of Custom Curbs' omissions, unless Custom Curbs is made to submit all outstanding remittance reports and required payments.

38.     Welfare Fund lacks an adequate remedy at law and are suffering, and will continue to suffer, immediate, severe and irreparable harm, unless Custom Curbs is ordered to comply with its contractual obligations and to submit outstanding remittance reports, payment of all contributions and required Liquidated Damages and interest, and attorneys' fees and costs.

39.     Welfare Fund is entitled to an Order that Custom Curbs submit all outstanding Remittance Reports.

40.     Welfare Fund is entitled to an award of all outstanding contributions due.

8

41.    Welfare Fund is entitled to an award of liquidated damages and interest.

42.    Welfare Fund is also entitled to an award of their attorneys' fees and costs.

43.    As a consequence of Custom Curbs' actions, Welfare Fund has been harmed.

WHEREFORE, Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund respectfully prays that the Court:

a.    Enter Judgment for Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund and against Defendant, Custom Curbs, Incorporated, d/b/a Van Huss Custom Concrete;

b.    Enter an Order that Custom Curbs submit all outstanding reports;

c.    Enter an Order awarding Welfare Fund the contributions due as indicated on said reports;

d.    Enter an Order awarding Welfare Fund Liquidated Damages and/or interest;

e.    Enter an Order awarding Welfare Fund its attorneys' fees and costs; and

f.    Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

## (CARPENTERS PENSION FUND OF ILLINOIS AND CARPENTERS RETIREMENT

## SAVINGS FUND OF ILLINOIS)

COME NOW Plaintiffs, Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, by undersigned Counsel, and for Count II of their Complaint against Defendant, Custom Curbs, Incorporated, d/b/a Van Huss Custom Concrete, state as follows:

44.     Pension Fund and Retirement Savings Fund restate and reincorporate paragraphs 1 through 18 and 19 through 43 of Count I of their Complaint as if fully set forth herein.

45.     The Pension Fund's and Retirement Savings Fund's Trustees have adopted policies concerning the imposition of interest and/or Liquidated Damages in the event an employer does not timely report and pay required contributions, to which Custom Curbs has agreed to be bound. *See*, "Collection Policy & Administrative Procedures," attached hereto as **Exhibit E** and incorporated herein by reference.

46.     Pursuant to the Collection Policy & Administrative Procedures, **Exhibit E**, delinquent contributions are subject to Liquidated Damages as provided therein. *See*, **Exhibit E**, pp. 1-2.

47.     Pursuant to the Collection Policy & Administrative Procedures, **Exhibit E**, delinquent contributions are subject to interest as provided therein. *See*, **Exhibit E**, pp. 1-2.

48.     Pursuant to the Collection Policy & Administrative Procedures, **Exhibit E**, in the event legal counsel becomes involved int eh collection process, Liquidated Damages of 10% are imposed. *See*, **Exhibit E**, pp. 2-3.

49.     ERISA further provides for an award to Pension Fund and Retirement Savings Fund of delinquent contributions, interest, Liquidated Damages and fees and costs, including attorneys' fees and costs and audit costs.

50.     The CBA, **Exhibit B**, provides, "If payment is not received in the Fund Office on or before the day of the month due, such payment is subject to… collection costs." *See*, CBA, **Exhibit B**, § 25.2.

51.     Further, pursuant to ERISA, Pension Fund and Retirement Savings Fund are entitled to an award of their award of attorneys' fees and costs.

52.     Custom Curbs employs, or has employed, individuals who are members of, and/or represented by, the Regional Council and its constituent local labor organizations for purposes of collective bargaining.  Those individuals are participants in Pension Fund and Retirement Savings Fund.

53.     Custom Curbs has reported and paid contributions to Pension Fund and Retirement Savings Fund on behalf of said employees.

54.     Custom Curbs has, however, failed to report and pay contributions to Pension Fund and Retirement Savings Fund for the months of December 2018, January 2019, February 2019, March 2019, April 2019, May 2019 and June 2019.

55.     Pension Fund and Retirement Savings Fund made demand upon Custom Curbs to submit the outstanding reports and to pay contributions due, **Exhibit D**, but Custom Curbs unreasonably failed and refused to comply.

56.     Pension Fund and Retirement Savings Fund are unable to determine the amount of contributions due with certainty, or to properly credit the accounts of Custom Curbs' employees,

who stand to lose eligibility, or coverage, as a result of Custom Curbs' omissions, unless Custom Curbs is made to submit all outstanding remittance reports and required payments.

57.     Pension Fund and Retirement Savings Fund lack an adequate remedy at law and are suffering, and will continue to suffer, immediate, severe and irreparable harm, unless Custom Curbs is ordered to comply with its contractual obligations and to submit outstanding remittance reports, payment of all contributions and required Liquidated Damages and interest, and attorneys' fees and costs.

58.     Pension Fund and Retirement Savings Fund are entitled to an Order that Custom Curbs submit all outstanding Remittance Reports.

59.     Pension Fund and Retirement Savings Fund are entitled to an award of all outstanding contributions due.

60.     Pension Fund and Retirement Savings Fund are entitled to an award of liquidated damages and interest.

61.     Pension Fund and Retirement Savings Fund are also entitled to an award of their attorneys' fees and costs.

62.     As a consequence of Custom Curbs' actions, Pension Fund and Retirement Savings Fund have been harmed.

WHEREFORE, Plaintiffs Carpenters Pension and Retirement Savings Funds of Illinois pray that the Court:

a.     Enter Judgment for Plaintiffs Carpenters Pension and Retirement Savings Funds of Illinois and against Defendant, Custom Curbs, Incorporated, d/b/a Van Huss Custom Concrete;

b.     Enter an Order that Custom Curbs submit all outstanding reports;

12

c.      Enter an Order awarding Carpenters Pension and Retirement Savings Funds of Illinois the contributions due as indicated on said reports;

d.      Enter an Order awarding Carpenters Pension and Retirement Savings Funds of Illinois Liquidated Damages and/or interest;

e.      Enter an Order awarding Carpenters Pension and Retirement Savings Funds of Illinois their attorneys' fees and costs; and

f.      Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


  /s/ James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys for Plaintiffs